

May 12, 2026

**VIA ECF**
Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Loscar v. Kao USA, Inc. et al.*, Case No. 1:26-cv-03174-NRB

Dear Judge Buchwald:

Pursuant to section 2.C.1. of the Court's Individual Practices, Defendant Henkel Corporation submits this letter outlining the substantive argument advanced in Henkel's Opposition to Plaintiff's Motion to Remand. Plaintiff's motion to remand should be denied because Henkel properly removed this action to this Court on the grounds of diversity jurisdiction. As Plaintiff readily concedes, the parties in this action are diverse and the amount in controversy requirement is satisfied. The sole issue is whether the forum defendant rule—which prevents removal on the basis of diversity jurisdiction when "any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought"—barred removal. 28 U.S.C. § 1441(b)(2) (emphasis added).

The forum defendant rule does not bar removal here because no New York defendants were properly joined and served when Henkel removed the action. To prevent removal, Plaintiff hastily attempted to serve New York-based defendants with a summonses that lacked an index number, in violation of clear and unambiguous New York law that requires a summons to bear an index number. *See* CPLR § 305(a). Since the summonses were defective at the time they were purportedly served on the New York defendants, no New York citizens were "***properly joined and served***" at the time of removal, and the forum defendant rule was not implicated. Plaintiff does not dispute that she initially attempted to serve summonses that lacked the statutorily required index number. Nor does Plaintiff dispute that she did not serve summonses "conformed with index number and date of filing endorsed thereon" until after Henkel removed this action.

In support of her motion, Plaintiff relies entirely on cases in which the court declined to *dismiss* an action due to service of a summons lacking an index number. But in those cases, the statute of limitations would have resulted in the plaintiff losing all recourse. Those cases are inapposite. Here, Henkel is not seeking to dismiss the action as a result of the defective summonses. Rather, Henkel is an out-of-state defendant seeking to invoke the protections afforded by federal law, which permit removal in these circumstances. Henkel will suffer prejudice if the statutory defect in Plaintiff's attempted service is excused. And Plaintiff's arguments do not overcome the fact that all statutory requirements for removal were met at the time Henkel filed its Notice of Removal.

**Berj K. Parseghian**  |  Partner  |  bparseghian@lippes.com

420 Lexington Avenue, Suite 2005, New York, NY 10170  **Phone:** 332.345.4500  **lippes.com**
**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs, Syracuse  //  **Florida:** Jacksonville, West Palm Beach
**Illinois:** Chicago  //  **Ohio:** Cleveland  //  **Oklahoma:** Oklahoma City  //  **Ontario:** Greater Toronto Area  //  **Texas:** San Antonio  //  **Washington, D.C.**



Hon. Naomi Reice Buchwald
May 12, 2026
Page 2


Accordingly, as set forth more fully in its Memorandum of Law, the Court should deny Plaintiff's Motion to Remand.

Respectfully submitted,
LIPPES MATHIAS LLP

Berj K. Parseghian